IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORDIA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 CASE NO.: 8:15-cr-162-T-23MAP

JOFFRE RENE ALVARADO LINO,

    Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Joffre Rene Alvarado Lino, through his undersigned counsel, hereby provides his Sentencing Memorandum in support of his anticipated motion for a variance from the advisory United States Sentencing Guidelines sentence.

*Basis for Variance*

This Court is guided by the provisions of 18 U.S.C. § 3553(a), which adopt a multi-factor approach to imposing a sentence. The factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the kinds of sentences available, " and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(1), (3) & (6), respectively. To be sure, the statute also requires a consideration of "the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational

or vocational training, medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2). Referring to these four enumerated purposes, though, the statute expressly cautions that, "The court shall impose a sentence sufficient, *but not greater than necessary,* to comply with the[se] purposes ….." *See* 18 U.S.C. § 3553(a)(emphasis added).  Indeed, this language appears as the first, and thus primary, principle underlying the statutory sentencing scheme established by Congress in 18 U.S.C. § 3553(a).

The advisory Guidelines sentence in this case, 135 – 168 months, is severe. It is certainly much greater than necessary to serve the goals of providing just punishment, deterring criminal conduct, and protecting the public. Accordingly, defendant moves for a significant downward variance from the advisory Guidelines sentence.

The Eleventh Circuit recently reemphasized the wide discretion district courts enjoy in determining whether variances are appropriate. *See United States v. Rosales-Bruno,* __ F. 3d __ (11th Cir., June 19, 2015).  Although district courts must consider all available § 3553(a) factors, they need not give all the factors equal weight. *Slip op. at 9-10* (citation omitted). "Instead, the sentencing court 'is permitted to attach "great weight" to one factor over others.'" *Id.* at 10, *quoting Gall v. United States,* 552 U.S. 38, 57 (2007).  Likewise, although district courts must consider the advisory guidelines range, "it is only one of a dozen or so factors that the court must take into account." *Id.* at 20 (citation omitted).  Moreover, "The Supreme Court has been clear that "[t]he Guidelines are not the only consideration….Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district court should then consider all of the §3553 factors to determine whether they support the sentence

2

requested by a party.'" *Id., quoting Gall,* 552 U. S. at 50. In fact, "[n]othing requires a sentencing court to give the advisory guidelines range as much weight as it gives any other § 3553(a) factor or combination of factors." *Id.*

As the Eleventh Circuit emphasized, "When it comes to sentencing, particularized facts about the defendant matter." *Id.* at 22. The *Rosales-Bruno* court acknowledged the *Gall* Court's finding that the "'unique facts' of the defendant's situation" supported the downward variance. *Id., citing Gall,* 552 U.S. at 54. "In assigning weight to the § 3553 factors as part of the weighing process, a court may (and should) consider individualized, particularized, specific facts and not merely the guidelines label that can be put on the facts." *Id.* at 23. The Eleventh Circuit reiterated, "'it is within the district court's discretion to decide how much weight to give each § 3553(a) factor.'" *Id.* at 26 (quotation omitted). Moreover, "'No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court … may receive and consider for the purpose of imposing an appropriate sentence.'" *Id., quoting* 18 U.S.C. § 3661. It is within the court's discretion to decide how much weight to give each §3553 factor, and the court is permitted to "attach great weight to one factor over others.'" *Id.* at 29 (quotation and citation omitted).

The Eleventh Circuit has ruled that persons convicted of 46 U.S.C. § 70503 are not entitled to a sentence below the statutory minimum mandatory, in this case 120 months, as 18 U.S.C. § 3553(f) does not specifically apply to that offense. *See United States v. Pertuz-Pertuz,* 679 F. 3d 1327, 1329 (11th Cir. 2012). Accordingly, defendant moves for a downward variance to 120 months, which is more than sufficient to achieve the sentencing objectives of 18 U.S.C. § 3553(a)(2). Mr. Alvarado Lino and his family

3

are impoverished, and he and his wife have specific financial challenges relating to medical care for their young son that comprise special circumstances warranting a modest downward variance. This financial challenge does not excuse Mr. Alvarado Lino's offense, but it does mitigate it. Notably, Mr. Alvarado Lino has no criminal history, and would otherwise qualify for a sentence below the 120 month mandatory minimum.

  WHEREFORE, defendant Joffre Rene Alvarado Lino provides his Sentencing Memorandum.

            Respectfully submitted,

            FARMER & FITZGERALD, P.A.

            */s/ Matthew Farmer*
            Matthew Farmer, Esq.
            Fla. Bar No. 0793469
            102 W. Whiting St., Suite 501
            Tampa, FL  33602
            (813) 228-0095
            Fax (813) 224-0269
            Mattfarmer1@aol.com

     <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that a correct copy of the foregoing was provided electronically this 11th day of September, 2015 to the following:

AUSA Daniel Baeza
Daniel.Baeza@usdoj.gov


<u>*/s/ Matthew Farmer*</u>

5